Dear Registrar Johnson:
We are in receipt of your request for an Attorney General's opinion regarding the Bogalusa City School Board reapportionment plan. Your letter provides the following information:
 The Bogalusa City School Board reapportioned in 1994. In the reapportionment plan they listed each District and the precincts in each district. In the plan the precincts were listed as entire precincts and the records in my office reflect the description in the apportionment plan. However, when you compare the map prior to reapportionment with the map after reapportionment, there is a question as to why voters in precincts 4-9, 4-8AA, and 4-8BB are voting for Bogalusa City School Board, and why voters in precincts 6-2 and 6-4A are not allowed to vote for the school board. Complaints have been made from voters in these precincts.
 In order to resolve this problem the Police Jury passed Ordinance No. 98-202, stating that where precinct lines transcend any ward lines in elections such as Justice of the Peace, Constable, Fire Districts and school board members in the Bogalusa/4th Ward School district, the Washington Parish Police Jury directs any and all affected entities, including the Registrar, to effect a means by which all registered voters affected by such elections are provided the opportunity to cast their vote for the proper district election, by use of a "lock-out" on voting machines where applicable.
You have provided our office with documentation of the ordinance, demographic information, maps, and correspondence from the Washington Parish Council. Of interest is a letter from the council stating that they spoke with the U.S. Department of Justice, Legal Division, who advised that their approval was not required for implementation of the "lock-out" in this matter.
A school board is authorized to reapportion under Louisiana Revised Statutes, 17:71.1 et seq. The law requires "any reapportionment shall be based upon the latest federal decennial census, or a special census as authorized by R.S. 17:71.3(A), and shall be accomplished and become effective when a school board has complied with the provisions of R.S. 17:71.4." [R.S.17:71.1]. Further, R.S. 17:71.3 specifically sets forth the procedure for accomplishing reapportionment, requiring the use of whole precincts established by the parish governing authority, with few exceptions.
It is our opinion that Ordinance No. 98-202 does not follow the law, as referenced above, to accomplish reapportionment for the Bogalusa City School Board. Inasmuch as the school board reapportioned in 1994, using whole election precincts established by the parish governing authority, same can not be changed through the use of "lock-outs". Any attempt to change the school board election districts must be in compliance with law, R.S.17:71.1 et seq., and would require section 5 approval from the United States Department of Justice under the Voting Rights Act. Reviewing the description of the election districts and the map provided, it is clear that all of precinct 4-9 is within District VI, all of precinct 4-8AA is within District I, and all of precinct 4-8BB is within District VII. On the other hand, no part of precinct 6-2, nor precinct 6-4A is within any district of the Bogalusa City School Board redistricting plan.
In sum, it is our opinion that your office should continue to enforce the election districts set forth in the Bogalusa City School Board reapportionment plan of 1994, unless and until, legally changed in accordance with law.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:cwr